**William S. JONES, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 03–3316.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 8, 2004.

Before BRYSON, GAJARSA, and
PROST, Circuit Judges.

PER CURIAM.

Mr. William S. Jones, petitioner, seeks review of a final decision of the Merit Systems Protection Board (the "MSPB" or the "Board"), No. SE–831M–02–331–I–1, 94 M.S.P.R. 482, 2003 WL 21664195, which affirmed the decision of the Office of Personnel Management ("OPM") to dismiss his request for reconsideration for untimely filing of his claim. Because the Board did not abuse its discretion, we *affirm.*

## BACKGROUND

On November 15, 2000, OPM notified Mr. Jones of its finding that he had been overpaid a retirement annuity in the amount of $10,267. The OPM advised Mr. Jones of his right to reconsideration, explaining that such request must be postmarked within 30 days of the agency decision. Approximately 15 months later, on March 18, 2002, Mr. Jones submitted his request for reconsideration, which OPM dismissed on April 23, 2002, as untimely. OPM advised Mr. Jones in its denial that his appeal to the Board must be filed no later than 30 days after the date of the decision. Mr. Jones delivered his appeal to the Board on July 22, 2002, which was substantially later than the required 30 days. In a Board decision issued on November 20, 2002, the Board found good cause for the lateness of his appeal, but upheld OPM's decision that his request for reconsideration was untimely and not adequately justified. Mr. Jones petitioned for review by the full Board, which was denied. Mr. Jones filed a petition for review with this Court. This Court's jurisdiction arises under 5 U.S.C. § 7703.

Appellate review of Board decisions is limited under 5 U.S.C. § 7703(c) (2003). A final Board decision can be reversed only if that decision is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Farrell v. Dep't of the Interior,* 314 F.3d 584, 589 (Fed.Cir.2002); *Cross v. Dep't of Transp.,* 127 F.3d 1443, 1446 (Fed.Cir. 1997).

The administrative judge found that despite the petitioner's various explanations for delay, the causes accounted for only two months of the total delay. *Jones v. Office of Pers. Mgmt.,* slip op. at 5 (Initial Decision, November 20, 2002). The administrative judge further explained that the petitioner failed to establish any good cause for the unreasonable delay. The petitioner had no clear reason to warrant the additional delay of twelve months. Regulations allow OPM to extend the filing deadlines when parties can show that they were "not notified of the time limit and were not otherwise aware of it," or when circumstances beyond their control prevent individuals from making a timely filing. 5 CFR § 831.1304(b)(1)(c)-(ii). Substantial evidence supported the administrative judge's decision, which explained that the petitioner received proper notice and that the petitioner offered no circumstances which prevented him from making a timely filing. The Board's decision reviewing the administrative judge's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The petitioner made no identifiably substantive arguments which would establish a reasonable cause for the delay.

Because the Board did not abuse its discretion, and the decision is supported by substantial evidence, nothing compels this Court to disturb the decision of the administrative judge. Therefore, we affirm the decision below.

No costs.